IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEBBIE A. HILL,

      Plaintiff,                     No. CIV-S-03-2588 KJM PS

   vs.

JO ANNE B. BARNHART,

      Defendant.                 ORDER

_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") regarding her "Application for Child's Insurance Benefits–Survivor Claim" under Title II of the Social Security Act ("Act"). For the reasons discussed below, the court will grant plaintiff's motion for summary judgment, deny the Commissioner's cross motion for summary judgment, and remand this action to the Commissioner for immediate payment of benefits based on a deemed filing date of March 22, 1993.

I. Factual and Procedural Background

        On October 18, 1999, plaintiff filed applications for child's insurance benefits on behalf of her children, Heather Gold and Kristin Gold. In a decision dated September 28, 2001, the Administrative Law Judge (ALJ) determined plaintiff's children were entitled to such

1

survivor benefits beginning on November 1, 1995.  Specifically, the ALJ found that Theodore Gold, the father of plaintiff's children, died on February 23, 1993.  Further, the ALJ determined that applications for child's insurance benefits for Heather Gold and Kristin Gold were deemed to have been filed on November 1, 1995 due to certain misinformation provided to plaintiff.  The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on August 4, 2003.

In the instant action, Plaintiff contends that February 28, 1993, and not November 1, 1995, is the proper date for her children's survivor benefits to begin.  Plaintiff bases such contention on the fact that February 23, 1993 is the date of Theodore Gold's death.[1]  Further, plaintiff contends that she contacted the Social Security office on or about March 22, 1993 and was at that time misinformed regarding her children's rights to Social Security benefits. By way of the instant action plaintiff seeks retroactive benefits for her two daughters from the date of their father's death to November 1, 1995.

II. Standard of Review

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it.  Copeland v. Bowen , 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance, Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorensen v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such evidence as a reasonable

---

[1] The record reflects a discrepancy regarding the date of Theodore Gold's death. Both the Order Establishing Fact of Death, TR 101, and the Court Ordered Delayed Registration of Death, TR 118, list February 23, 1993 as Mr. Gold's date of death. However, the relevant police records and witness statements suggest that Mr. Gold was last seen on February 28, 1993, five days after his "official" date of death. TR 86-98.  For purposes of this case, the court will honor the February 23, 2003 date listed in the official records.

mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)).  The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion is weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.;  see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).

Further, the ALJ determines whether an applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons.  See, e.g., Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995).  If credibility is critical, the ALJ must make an explicit credibility finding.  Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility finding to be supported by "a specific, cogent reason for the disbelief").

III.  Analysis

In this case plaintiff's credibility was critical to the ultimate decision. Specifically, plaintiff's credibility as to when the Social Security Administration first misinformed her regarding proper filing procedures was critical because the date she first received such misinformation is determinative of when her children's eligibility for benefits began. 42 U.S.C. § 402(j)(5).[2]  The record is replete with testimony and evidence to the effect that plaintiff was

---

[2]Section 402(j)(5) provides:

> In any case in which it is determined to the satisfaction of the Commissioner of Social Security that an individual failed as of any date to apply for monthly insurance benefits under this title by reason of misinformation provided to such individual by any officer or employee of the Social Security Administration relating to such individual's eligibility for benefits under this title, such individual shall be deemed to have applied for such benefits on the later of--

first misinformed by the Social Security Administration on or about March 22, 1993. TR 38, 61, 123, 126, 141-144, 179-181. However, the ALJ failed to make an explicit credibility finding as to this critical evidence. Albalos, 907 F.2d at 873-74.

The only explicit credibility finding the ALJ did make was that credible evidence established that misinformation was provided to plaintiff in November 1995. TR 25. However, the events of being misinformed in March 1993, and being misinformed in November 1995, are not mutually exclusive; plaintiff could have been misinformed twice, once in March 1993 and again in November 1995. In other words, crediting evidence that establishes that plaintiff was misinformed in November of 1995 does not automatically discredit evidence that plaintiff was misinformed in March of 1993. The court finds that the ALJ improperly failed to make an explicit credibility determination regarding plaintiff's evidence that the Social Security Administration first misinformed her on or about March 22, 1993. Rashad, 903 F.2d at 1231. While the decision to deem the applications filed as of November 1, 1995 may imply that the ALJ discredited evidence that plaintiff was misinformed as of March 1993, the ALJ was required to make an explicit credibility finding on this point. Id.

The remaining question is whether to remand this case to the ALJ or to order the payment of benefits. "The decision whether to remand the case for additional evidence or simply to award benefits is within the discretion of the court." Stone v. Heckler, 761 F.2d 530, 533 (9th Cir. 1985). Generally, the court will direct the award of benefits "in cases where no useful purpose would be served by further administrative proceedings or where the record has been

---

**(A)** *the date on which such misinformation was provided to such individual*, or
**(B)** the date on which such individual met all requirements for entitlement to such benefits (other than application therefor).

(Emphasis added).

thoroughly developed." Varney v. Secretary of Health and Human Services, 859 F.2d 1396, 1399 (9th Cir. 1987).

Here, the court finds that the record has been thoroughly developed. As noted above, plaintiff produced evidence indicating that the Social Security Administration first misinformed her on or about March 22, 1993. The ALJ referenced this evidence in his decision, but failed to explicitly credit or discredit it. Unquestionably this evidence was critical to determining when to deem plaintiff's application filed and the ALJ should have made an explicit credibility finding on this point. 42 U.S.C. § 402(j)(5). Because the ALJ failed to do so, the court will exercise its discretion "simply to award benefits." See Varney, 859 F.2d at 1398 (rationalizing the decision to award benefits rather than remand as necessary to avoid unneeded duplication in administrative proceedings, reduce the administrative burden caused by requiring multiple proceedings in the same case, and "[p]erhaps most important . . . reduce the delay and uncertainty often found in this area of the law"); Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (observing that part of the rationale for awarding benefits rather than remanding is to provide the ALJ with an incentive "to fulfill her obligation to develop the record").

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment is granted, and

2. The Commissioner's cross motion for summary judgment is denied.

3. This action is remanded to the Commissioner for immediate payment of benefits based on a deemed filing date of March 22, 1993.

DATED: May 26, 2005.

_____
UNITED STATES MAGISTRATE JUDGE